1

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7                    EASTERN DISTRICT OF CALIFORNIA

8

9

STEVEN L. SCHMIDT,            )  1:10-cv—00341-SKO-HC
10                            )
                Petitioner,   )  ORDER GRANTING RESPONDENT'S
11                            )  MOTION TO DISMISS THE PETITION
                              )  (DOCS. 10, 1)
12        v.                  )
                              )  ORDER DISMISSING THE PETITION AS
13  M. EVANS, Warden,         )  SUCCESSIVE PURSUANT TO 28 U.S.C.
                              )  § 2244(b) (Doc. 1),
14              Respondent.   )  DISMISSING PETITIONER'S MOTION
                              )  FOR EVIDENTIARY HEARING AS MOOT
15  _____  )  (Doc. 16),
                                 AND DECLINING TO ISSUE A
16                               CERTIFICATE OF APPEALABILITY

17                               ORDER DIRECTING THE CLERK TO
                                 CLOSE THE ACTION
18

19       Petitioner is a state prisoner proceeding pro se with a

20  petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

21  Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to

22  the jurisdiction of the United States Magistrate Judge to conduct

23  all further proceedings in the case, including the entry of final

24  judgment, by manifesting consent in signed writings filed by

25  Petitioner on March 8, 2010 (doc. 3), and on behalf of Respondent

26  on December 10, 2010 (doc. 9).  Pending before the Court is

27  Respondent's motion to dismiss the petition, which was filed on

28  January 24, 2011.  Petitioner filed an opposition to the motion

                                   1

1   on February 11, 2011.  Respondent filed a reply on February 18,
2   2011.

3       I.  <u>Proceeding by a Motion to Dismiss</u>

4       A federal court is a court of limited jurisdiction which has
5   a continuing duty to determine its own subject matter
6   jurisdiction and to dismiss an action where it appears that the
7   Court lacks jurisdiction.  Fed. R. Civ. P. 12(h)(3); <u>CSIBI v.</u>
8   <u>Fustos</u>, 670 F.2d 134, 136 n.3 (9th Cir. 1982) (citing <u>City of</u>
9   <u>Kenosha v. Bruno</u>, 412 U.S. 507, 511-512 (1973)); <u>Billingsley v.</u>
10  <u>C.I.R.</u>, 868 F.2d 1081, 1085 (9th Cir. 1989).

11      Respondent has filed a motion to dismiss the petition on the
12  ground that this Court lacks subject matter jurisdiction over the
13  petition because it is successive and thus is barred by 28 U.S.C.
14  § 2244.

15      Rule 4 of the Rules Governing Section 2254 Cases in the
16  District Courts (Habeas Rules) allows a district court to dismiss
17  a petition if it "plainly appears from the face of the petition
18  and any exhibits annexed to it that the petitioner is not
19  entitled to relief in the district court...."

20      The Ninth Circuit has allowed respondents to file motions to
21  dismiss pursuant to Rule 4 instead of answers if the motion to
22  dismiss attacks the pleadings by claiming that the petitioner has
23  failed to exhaust state remedies or has violated the state's
24  procedural rules.  <u>See</u>, <u>e.g.</u>, <u>O'Bremski v. Maass</u>, 915 F.2d 418,
25  420 (9th Cir. 1990) (using Rule 4 to evaluate a motion to dismiss
26  a petition for failure to exhaust state remedies); <u>White v.</u>
27  <u>Lewis</u>, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 to
28  review a motion to dismiss for state procedural default); <u>Hillery</u>

2

1  v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D.Cal. 1982) (same).

2  Thus, a respondent may file a motion to dismiss after the Court

3  orders the respondent to respond, and the Court should use Rule 4

4  standards to review a motion to dismiss filed before a formal

5  answer.  See, Hillery, 533 F. Supp. at 1194 & n.12.

6      Here, Respondent's motion to dismiss is based on lack of

7  subject matter jurisdiction.  Respondent's motion is similar in

8  procedural posture to a motion to dismiss for failure to exhaust

9  state remedies or for state procedural default.  Further,

10  although the motion is opposed, the motion does not raise

11  material factual disputes.  Finally, Respondent has not yet filed

12  a formal answer.

13      The Court therefore exercises its discretion to review

14  Respondent's motion to dismiss pursuant to its authority under

15  Rule 4.

16      II.  Background

17      Petitioner alleges that he is serving a sentence of fifty-

18  five (55) years to life imposed by the Stanislaus County Superior

19  Court upon Petitioner's conviction on August 20, 1999, of

20  attempted burglary with enhancements for prior convictions.

21  (Pet. 1.)  Petitioner challenges his sentence on the ground that

22  it was unauthorized, illegal, and violated Petitioner's right to

23  due process of law under the Fourteenth Amendment.  He further

24  argues that judicial error violated the protection against double

25  jeopardy and his rights under the Equal Protection Clause, and

26  the ineffective assistance of his trial and appellate counsel

27  violated Petitioner's Fifth and Fourteenth Amendment rights.

28  (Pet. 5-6.)

1  The Court may take judicial notice of court records.  Fed.
2  R. Evid. 201(b); <u>United States v. Bernal-Obeso</u>, 989 F.2d 331, 333
3  (9th Cir. 1993); <u>Valerio v. Boise Cascade Corp.</u>, 80 F.R.D. 626,
4  635 n. 1 (N.D. Cal. 1978), <u>aff'd</u>, 645 F.2d 699 (9th Cir. 1981).
5  The Court will take judicial notice of its own dockets and notes
6  that the present petition is not the first petition filed with
7  respect to the judgment pursuant to which Petitioner is detained.
8  On March 24, 2006, a habeas petition challenging
9  Petitioner's Stanislaus County conviction and sentence was denied
10  on the merits by this Court in <u>Schmidt v. Scribner</u>, 03-cv-6124-
11  AWI-DLB-HC.  (Docs. 22, 24)  The Court denied the petition on the
12  merits and entered judgment for the Respondent.  (Docs. 22, 24;
13  24, 2; 25.)

14  III. <u>Successive Petition</u>

15  Because the petition was filed after April 24, 1996, the
16  effective date of the Antiterrorism and Effective Death Penalty
17  Act of 1996 (AEDPA), the AEDPA applies in this proceeding.  <u>Lindh</u>
18  <u>v. Murphy</u>, 521 U.S. 320, 327 (1997), <u>cert.</u> <u>denied</u>, 522 U.S. 1008
19  (1997); <u>Furman v. Wood</u>, 190 F.3d 1002, 1004 (9th Cir. 1999).

20  Under the AEDPA, a federal court must dismiss a second or
21  successive petition that raises the same grounds as a prior
22  petition.  28 U.S.C. § 2244(b)(1).  The Court must also dismiss a
23  second or successive petition raising a new ground unless the
24  petitioner can show that 1) the claim rests on a new,
25  retroactive, constitutional right or 2) the factual basis of the
26  claim was not previously discoverable through due diligence, and
27  the new facts establish by clear and convincing evidence that but
28  for the constitutional error, no reasonable factfinder would have

found the applicant guilty of the underlying offense.  28 U.S.C. § 2244(b)(2)(A)-(B).

However, it is not the district court that decides whether a second or successive petition meets these requirements, which allow a petitioner to file a second or successive petition. Section 2244(b)(3)(A) provides, "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  In other words, a petitioner must obtain leave from the Ninth Circuit before he or she can file a second or successive petition in district court.  See Felker v. Turpin, 518 U.S. 651, 656-657 (1996).  This Court must dismiss any claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application unless the Court of Appeals has given Petitioner leave to file the petition.  28 U.S.C. § 2244(b)(1).  This limitation has been characterized as jurisdictional.  Burton v. Stewart, 549 U.S. 147, 152 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001).

A disposition is "on the merits" if the district court either considered and rejected the claim, or determined that the underlying claim would not be considered by a federal court. McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009) (citing Howard v. Lewis, 905 F.2d 1318, 1322 (9th Cir. 1990)).

Here, the first petition concerning the Stanislaus County judgment was denied on the merits.  Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to file

5

his successive petition attacking the conviction.  Accordingly,
this court has no jurisdiction to consider Petitioner's renewed
application for relief from that conviction under section 2254
and must dismiss the petition.  <u>See</u>, <u>Felker v. Turpin</u>, 518 U.S.
651, 656-57; <u>Burton v. Stewart</u>, 549 U.S. 147, 152; <u>Cooper v.</u>
<u>Calderon</u>, 274 F.3d 1270, 1274.  If Petitioner desires to proceed
in bringing this petition for writ of habeas corpus, he must file
for leave to do so with the Ninth Circuit.  <u>See</u> 28 U.S.C.
§ 2244(b)(3).

     Petitioner's reliance on <u>Hill v. State of Alaska</u>, 297 F.3d
895 (9th Cir. 2002) does not aid him.  In <u>Hill</u>, the petitioner
sought permission from the Court of Appeals to file a successive
petition to raise a claim concerning the calculation of a
mandatory parole release date that could not have been included
in earlier petitions challenging the same conviction and
sentence.  Because the parole claim could not have been included
in the earlier petitions, the court permitted the parole claim to
proceed.  However, it declined to grant permission to raise a
claim challenging the underlying conviction.  <u>Hill</u>, 297 F.3d at
897-99.

     Here, Petitioner challenges the same judgment that was the
subject of his earlier petitions.  Petitioner could have raised
the present challenges in an earlier petition.  The Court
concludes that the petition must be dismissed as successive.

     Because the limitations of § 2244 are jurisdictional, the
Court will not address Respondent's additional argument that the
petition should be dismissed because it was untimely.  Further,
in light of the absence of subject matter jurisdiction in this

Court, Petitioner's motion for an evidentiary hearing filed on
March 3, 2011, will be dismissed as moot.

V.   <u>Certificate of Appealability</u>

Unless a circuit justice or judge issues a certificate of
appealability, an appeal may not be taken to the Court of Appeals
from the final order in a habeas proceeding in which the
detention complained of arises out of process issued by a state
court.  28 U.S.C. § 2253(c)(1)(A); <u>Miller-El v. Cockrell</u>, 537
U.S. 322, 336 (2003).  A certificate of appealability may issue
only if the applicant makes a substantial showing of the denial
of a constitutional right.  28 U.S.C. § 2253(c)(2).  Under this
standard, a petitioner must show that reasonable jurists could
debate whether the petition should have been resolved in a
different manner or that the issues presented were adequate to
deserve encouragement to proceed further.  <u>Miller-El v. Cockrell</u>,
537 U.S. at 336 (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484
(2000)).  A certificate should issue if the Petitioner shows that
jurists of reason would find it debatable whether the petition
states a valid claim of the denial of a constitutional right and
that jurists of reason would find it debatable whether the
district court was correct in any procedural ruling.  <u>Slack v.
McDaniel</u>, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of
the claims in the habeas petition, generally assesses their
merits, and determines whether the resolution was wrong or
debatable among jurists of reason.  <u>Miller-El v. Cockrell</u>, 537
U.S. at 336-37.  It is necessary for an applicant to show more
than an absence of frivolity or the existence of mere good faith;

however, it is not necessary for an applicant to show that the appeal will succeed.  Id. at 338.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Rule 11(a) of the Rules Governing Section 2254 Cases.

Here, Petitioner has not demonstrated that jurists of reason would find it debatable whether or not the petition states a valid claim of the denial of a constitutional right.  Petitioner has not made the substantial showing required for issuance of a certificate of appealability.

Therefore, the Court will decline to issue a certificate of appealability.

VI. Disposition

Accordingly, it is ORDERED that:

1) The petition for writ of habeas corpus is DISMISSED as successive; and

2) Petitioner's motion for an evidentiary hearing is DISMISSED as moot; and

3) The Court DECLINES to issue a certificate of appealability; and

4) The Clerk is DIRECTED to close this action.

IT IS SO ORDERED.

Dated:    **June 13, 2011**                    _____**/s/ Sheila K. Oberto**_____
                                        UNITED STATES MAGISTRATE JUDGE